CULPEPPER, Judge.
The widow and heirs of Louis Derouen filed this suit for sums allegedly due under an insurance contract whereby the defendant, The Prudential Insurance Company of America, agreed to pay the balance due on a chattel mortgage on an automobile, in the event of the death of the mortgagor. The lower court found that the deceased, Louis Derouen, was the insured mortgagor, and gave judgment to his estate for the amount of the balance due on the mortgage at the time of his death. The defendant, The Prudential Insurance Company of America, has appealed.
The facts show that on August 12, 1957, Mr. Louis Derouen purchased from Veillon Motor Company a 1957 Chevrolet automobile, as a graduation gift for his daughter, Ann Louis Derouen, who was then ap minor twenty years and ten months of age. The act of sale and chattel mortgage was drawn showing the names of both Ann Louis Derouen and her father, Louis Derouen; as purchasers and mortgagors. Although there is some dispute about it, we think the evidence shows that Ann Louis Derouen did not sign the act of sale and chattel mortgage. It was apparently her father who signed, her name as the first, mortgagor and his own name as the second mortgagor.
These signatures form the crux of this litigation because, immediately-above them,’ the following clause is found:
“ * * * In the event this mortgage is executed by more than one person as *816 mortgagor, it is understood and agreed that the person upon whose life insurance will be procured is and shall be the mortgagor whose name appears first below.”
The certificate of title on the Chevrolet automobile was issued in the name of Ann Louis Derouen. Mr. Louis Derouen paid the monthly installments on the chattel mortgage until his death on September 2, 1958. After the death of her father, Miss Derouen, who had by then become twenty-one years of age, made inquiries at Veillon Motor Company to ascertain whether the mortgage insurance had paid off the balance due on the car. She was advised that the insurance was on her life, not on her father’s life, and therefore she would have to pay the remainder of the monthly installments. Subsequently she paid all of the monthly installments on the chattel mortgage and later she actually sold the car to another party. Then she and the other heirs of Louis Derouen filed the instant suit to collect from The Prudential Insurance Company of America a sum equal to the balance which was due on the mortgage at the time of Mr. Derouen’s death.
As shown above, the language of the contract is clear. On the lines provided for the signatures of the mortgagors, Ann Louis Derouen’s name appeared first and Louis Derouen’s name appeared second. Just above these signatures was clearly printed the provision that in the event the mortgage was executed by more than one person as mortgagor,, “it is understood and agreed that the person upon whose life insurance will be procured is and shall be the mortgagor whose name' appears first below.”
Plaintiffs contend that Ann Louis De-rouen did not sign the mortgage arid, furthermore, that at the time it was signed she was still a minor and could not have been a mortgagor. Plaintiffs argue that therefore Louis Der.ouen was the first and only person who actually signed as a mortgagor and the life insurance was' thus procured on his life.
As stated above, we agree that the facts show Miss Derouen did not actually sign the mortgage and furthermore that she' was twenty years and ten months of age at the time her name was placed on the mortgage by her father. However, we are of the opinion that this contract which was made for Miss Derouen by her father during her minority, was ratified by her after she reached the age of majority.
L.S.A.-C.C. Article 1785 provides in pertinent part that “ * * * the minor is incapacitated from contracting, but his contracts may be rendered valid by ratification, either expressed or implied, in the manner and on the terms stated in this title under the head: Of Nullity or Recission of Agreements.” In the portion of Title 4 of the Civil Code dealing with nullity or recission of agreements we find LSA-C.C. Article 2228 which reads as follows:
“He can not make void the engagement which he had subscribed in his minority, when once he has ratified it in his majority,, whether that engagement was null in its form, or whether it was only subject to restitution.”
We think that even though Miss Derouen did not actually sign the contract, her name having been signed by her father as her agent, she later ratified the contract after she had full knowledge of its provisions. LSA-C.C. Article 3010 provides that: “The attorney can not go beyond the limits of his procuration; what he does exceeding his power is null and void with regard to the principal, unless ratified by the latter, * See Gallioto v. Trapani, 238 La. 625, 116 So.2d 273; American Guaranty Company v. Sunset Realty & Planting Company, 208 La. 772, 23 So.2d 409; Mitchell v. Alamis Co., La.App., 48 So.2d 278; Jeffrey Motor Company v. Higgins, 230 La. 857, 89 So.2d 369; Prelow v. Dorian, La.App., 53 So.2d 467.
After her father died and she had attained the age of majority, Miss Derouen was advised as to the provisions of the contract. She did not refuse to retain title to the auto *817 mobile nor did she refuse to pay the remaining balance on the mortgage. Instead she retained title to the vehicle, paid all of the remaining installments, and then actually sold the automobile to a third party. Clearly, she ratified the contract.
Another argument made by the plaintiffs is that, even assuming Miss Derouen ratified the contract, they are entitled to judgment reforming the agreement. Plaintiffs contend it was actually the intention of Mr. Louis Derouen and Veillon Motor Company that the life of Mr. Derouen, rather than the life of his daughter, be covered by the mortgage insurance. Mr. Derouen is now deceased and no one knows what his intention was when he signed the chattel mortgage showing his daughter as the first named mortgagor, whose life, under the clearly stated provisions of the contract, was-covered by the mortgage insurance. It is argued that Mr. Derouen simply made a mistake when he signed his daughter’s name first. The sole basis for this contention is that he was the one who bought the car and intended to make the installment payments. From this fact alone we are asked to infer that his true intention was to insure his own life.
As regards the. reformation of instruments, the jurisprudence is clear that this equitable remedy is so extraordinary it should be applied with great caution and only when there is clear and convincing evidence that the parties’ true intention is not set forth in the language of the contract. See Cockerham v. Aime, La.App., 110 So.2d 238, and the authorities cited therein. In the instant case there is no such clear and convincing evidence. We would have to resort to surmise, conjecture and inference to reach such a conclusion.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of defendant, The Prudential Insurance Company of America, and against the plaintiffs rejecting their demands. All costs of the lower court, as well as the costs of this appeal, are assessed against the plaintiffs.
Reversed and rendered.